IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-82-FL-1
No. 5:12-CV-83-FL

| | |
|---|---|
| DERRICK JOMELL PERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court upon pro se petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("motion to vacate") (DE 151), and the government's motion to dismiss petitioner's motion to vacate (DE 159). In addition, petitioner has filed a motion for new trial and appointment of attorney (DE 170). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered memorandum and recommendation ("M&R") wherein it is recommended that the court deny petitioner's motion to vacate, grant the government's motion to dismiss, and deny petitioner's motion for new trial and appointment of attorney. Petitioner filed objections to the M&R and the issues raised are ripe for ruling. For reasons given below, the court adopts the recommendations given in the M&R, grants the government's motion to dismiss, and denies petitioner's motions.

**BACKGROUND**

On March 23, 2006, petitioner was indicted on three counts for distribution of cocaine on three separate occasions in May and June of 2005. (Counts 1-3). By superseding indictment on September 27, 2006, petitioner was also charged with three counts arising from a search of his home

and surrounding property on May 21, 2004 ("May 2004 Search"), including possession with intent to distribute a quantity of cocaine (Count 4), possession with intent to distribute a quantity of marijuana (Count 5), and possessing firearms in furtherance of a drug trafficking crime (Count 6).

On December 11, 2006, petitioner moved to suppress evidence of the marijuana and firearms found in his house, and certain incriminating statements made to officers during the May 2004 Search, but the court denied petitioner's motion by oral order on January 12, 2007. Petitioner was subsequently convicted on Counts 2, 5 and 6, and acquitted of Counts 1, 3 and 4. On July 20, 2007, petitioner was sentenced to 170 months on Count 2, a concurrent 60 months on Count 5, and a consecutive 60 months on Count 6, for a total sentence of 230 months. Petitioner appealed his conviction and sentence, and the Fourth Circuit affirmed his convictions but remanded for resentencing. United States v. Perry, 560 F.3d 246 (4th Cir. 2009). Petitioner was resentenced April 14, 2010, to a total sentence of 170 months, which the Fourth Circuit affirmed. United States v. Perry, 429 F. App'x 287 (4th Cir. 2011). The court later granted defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and reduced the 110-month sentence on Count 2 to 72 months, resulting in a total sentence of 132 months.

On February 21, 2012, defendant filed the instant motion to vacate, claiming he received ineffective assistance of counsel on several grounds, including (1) counsel's failure to investigate and/or challenge certain evidence used against him at trial, (2) counsel's failure to offer testimony supporting his use of marijuana to rebut allegations of trafficking, (3) counsel's failure to properly defend against the firearms charge in Count 6, (4) counsel's failure to establish an alibi and cross examine government witnesses, and (5) counsel's failure to properly challenge evidence regarding a confidential informant. The government filed a motion to dismiss on June 6, 2012. On June 24,

2013, petitioner filed a motion for new trial and appointment of attorney. The magistrate judge issued the M&R on November 1, 2013, wherein it is recommended that the court dismiss petitioner's motion for failure to state a claim, deny petitioner's motion for new trial, and deny petitioner's motion for appointment of counsel. Petitioner filed objections to the M&R on November 18, 2013.

**COURT'S DISCUSSION**

A.   Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Rule 12 of the Rules Governing Section 2255 Proceedings ("Habeas Rules") states that, "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a section 2255 proceeding the court may consider "the files and records of the case," as well as the

3

pleadings, in deciding whether to dismiss a petitioner's motion. 28 U.S.C. § 2255(b); see Habeas Rule 4(b), ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .").

A claim is stated under Rule 12(b)(6) if the pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.   Analysis

Petitioner objects to the recommendation that the petition be dismissed for failure to state a claim on the basis of ineffective assistance of counsel. In his objections, petitioner argues his counsel was ineffective for several reasons, largely related to counsel's alleged failure to review certain videotapes from a home surveillance system at the residence searched in May 2004. In particular, he alleges that the video would have refuted the statements underlying the warrant application that gave rise to the May 2004 Search, and would also refute the testimony of the government's witness at trial regarding surveillance conducted at plaintiff's home just prior to the May 2004 Search. As a related argument, petitioner contends that counsel was ineffective for failing to challenge the existence of the government CI that the search warrant application relied upon to establish probable cause. Thus, he contends counsel was ineffective in failing to adequately

investigate and raise arguments that could have been used in support of his motion to suppress and his defense at trial.

A successful claim for ineffective assistance of counsel requires a petitioner to satisfy a two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), by showing that "(1) counsel's performance was deficient, and (2) there is a reasonable probability that the deficiency prejudiced the defense." Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013); see also Strickland, 466 U.S. at 687-88, 694. The first prong is met only where counsel's performance falls "below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "To eliminate the distortions of hindsight, a court must evaluate counsel's performance from counsel's perspective at the time." Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002). There is a "strong presumption" that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. To show prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694.

To analyze petitioner's claim, it is helpful to summarize the record of the relevant events preceding the 2004 Search. On May 19, 2004, agent William L. Mitchell ("Agent Mitchell") of the Franklin County Sheriff's Department in North Carolina, submitted an application for a search warrant of petitioner's premises. (DE 56-1). Agent Mitchell's sworn statement accompanying the application provided that, within the previous 72 hours, a CI reported that he "personally observed a certain amount of both crack cocaine and powder cocaine in plain view in the common area" of petitioner's home. (Id., at 5). The CI stated that "the controlled substance was being prepared for sale at the time the observations were made." (Id.). According to the statement, Agent Mitchell asked the CI to travel back to the residence and report any illegal activity he observed. (Id.) The

5

CI then traveled back to the residence, and while inside reported that he "personally observed a certain amount of powder cocaine under the direct control of [petitioner]." (Id. at 6). The CI further stated that he "observed at least one hand to hand sale of crack cocaine being conducted, with [petitioner] participating as the seller." (Id.). In the statement, Agent Mitchell also swore that he was himself "familiar with the target suspect . . . and his reputation with-in [sic] the community as being a drug trafficker." (Id.). The statement did not reference any other sources of information. Based on this statement, the magistrate issued the warrant for the May 2004 Search. (Id. at 2).

At trial, Inspector Taylor Bartholomew ("Inspector Bartholomew") testified to assisting Agent Mitchell with surveillance of petitioner's home prior to executing the warrant on the day of the May 2004 Search. (Day 2 Trial Tr., Pt. 1 15:17-18:17) (DE 104). Inspector Bartholomew testified that he and Agent Mitchell went into some woods nearby petitioner's home and, over a period of three hours, the officers observed around ten vehicles drive to the back of the home. (Id. at 16:15-17:4). Each vehicle remained for no more than ten minutes. (Id. at 17:1-17). Inspector Bartholomew testified that, when these vehicles pulled to the back of the home, the officers observed petitioner leave his home, walk into the woods nearby, and then walk back out. (Id. at 17:7-18:8). Eventually, other officers arrived and the search warrant was executed. (Id. at 18:13-17).

The court first considers petitioner's argument that counsel was ineffective in failing to further contest the truthfulness of Agent Mitchell's statement. In order to successfully challenge the veracity of an affidavit supporting a search warrant, a defendant must surmount formidable obstacles established by the Supreme Court case of Franks v. Delaware, 438 U.S. 154 (1978). In that case, the Court held that there is a "presumption of validity with respect to the affidavit supporting the search warrant." Franks, 438 U.S. at 171. Moreover, a defendant must meet an exacting standard

6

to overcome this presumption. In particular, a defendant must first "make[ ] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." Id. Second, a defendant must demonstrate that "the allegedly false statement is necessary to the finding of probable cause." Id.

To require a hearing, "there must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." Id. at 171. The defendant must point out specifically the portion of the affidavit claimed to be false and give reasons why it is false, along with "affidavits or sworn or otherwise reliable statements of witnesses," or otherwise satisfactorily explain the absence of such affidavits. Id. The deliberate falsehood or reckless disregard must be on the part "of the affiant, not of any nongovernmental informant." Id. "The burden of making the necessary showing is thus a heavy one to bear." United States v. Tate, 524 F.3d 449, 454 (4th Cir. 2008). However, if the defendant does make the "substantial preliminary showing" necessary to warrant a hearing, and at the hearing establishes perjury or reckless disregard by a preponderance of evidence, "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." Franks, 438 U.S. at 171.

Petitioner alleges that his home surveillance system would have provided evidence contradicting both Agent Mitchell's affidavit and Inspector Bartholomew's testimony. He alleges this system included four video cameras which provided "virtually a 360 degree view" (Obj. at 4) around his home, and that the tapes seized from his home during the May 2004 Search, contained the previous ten days of recording. He alleges that these tapes, which are "in color, dated, and

7

timed," (Obj. at 13), do not show that any CI entered his property within 72 hours prior to the date that Agent Mitchell applied for the search warrant. Furthermore, petitioner alleges that the tapes do not show that ten cars entered his driveway, or that he left home and walked into the woods ten times on the day of the search. Petitioner further alleges an elaborate timeline which he argues shows that he could not have been home at the time of the surveillance.

At the suppression hearing, when the court asked petitioner whether he intended to challenge the good faith of the search warrant application, counsel stated, "Well, judge, I don't have any information and nothing that's been brought to my attention that there's any issue of whether the informant actually exists, as far as that goes, with good faith." (Hr'g Tr. 22:14-17) (DE 102). Petitioner alleges that he repeatedly asked counsel to review these videotapes to contest Agent Mitchell's statement, but that counsel never did so, despite assuring petitioner that the tapes would be introduced into evidence at trial.

In addition, petitioner alleges that the May 2004 Search contradicted the statements attributed to the CI in Agent Mitchell's statement, because sheriff's officer Gary Cottrell testified at trial that police did not find individual plastic baggies, crack or cocaine powder or residue, or large amounts of cash in the home. (Day 2 Trial Tr., Pt. 2 139:2-19) (DE 105). Petitioner argues that this would have also supported an argument that no CI existed.

Accepting petitioner's allegations as true and construing them in the light most favorable to him, the videotapes contradict Inspector Bartholomew's testimony about what he witnessed on the day of the search. Furthermore, the videotapes could have shown any individuals visiting petitioner's home, dating back to May 11, 2004, which would include the days that the CI purportedly saw drugs within his home.

8

Nevertheless, petitioner's allegations ultimately fail to establish that he could have satisfied the heavy burden of a substantial preliminary showing that Agent Mitchell's statements in the search warrant application were made with deliberate falsehood or reckless disregard for the truth. First, the impeachment of Inspector Bartholomew does not necessarily impeach the credibility of Agent Mitchell, who did not himself testify at trial and whose incident report does not detail any pre-search surveillance of the home. (DE 181-2 at 2). Even if petitioner were able to somehow impeach Agent Mitchell through the impeachment of Inspector Bartholomew's testimony, this would not necessarily show Agent Mitchell was lying on the search warrant affidavit.

In addition, the videotape evidence alone could not demonstrate that the CI never entered petitioner's home. Rather, petitioner would also need evidence that no individual recorded entering his home could have been the CI. Even if he were to offer such proof, this might only mean that the CI lied to Agent Mitchell about visiting the home. Petitioner would further need to enter evidence in the form of "affidavits or sworn or otherwise reliable statements of witnesses" (or at least offer a satisfactory explanation for the absence of such statements), Franks, 438 U.S. at 171, showing that Agent Mitchell made a false statement knowingly and intentionally, or with reckless disregard for the truth. See id. ("The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant."); see also United States v. Tzannos, 460 F.3d 128, 136 (1st Cir. 2006) (holding that, even if defendant's telephone recordings were able to disprove that any individual who called defendant was a CI, defendant would still need to prove that the real CI did not provide misinformation to the police officer that swore out the affidavit before he could prevail on a suppression motion).

Other evidence that petitioner argues should impeach Agent Mitchell's statement, concerning the absence of baggies, residue, or large amounts of cash, likewise fails to show that the CI did not exist. Furthermore, there was an abundance of other evidence to support that plaintiff was distributing drugs from his home, including defendant's possession of a home surveillance system, digital scales and a radio scanner (Day 2 Trial Tr., Pt. 2 186:23-187:17; 189:1-10); the discovery of a bucket of 73.9 grams of powder cocaine in the woods outside petitioner's home (Day 2 Trial Tr., Pt. 1, 63:13-25; 124:23-24); the amount of marijuana found in petitioner's home (373.5 grams), which agent Chris Jackson testified was an amount consistent with marijuana distribution (Day 3 Trial Tr. 91:17-19) (DE 106); testimony by an informant to purchasing marijuana and cocaine from petitioner at his home (Id. at 34:8-9); incriminating statements petitioner made to officers on the day of the search (Day 2 Trial Tr., Pt. 1 103:1-6); and defendant's written confession to selling powder cocaine (Gov't Ex. 26). The fact that further evidence matching the CI's account was not found does not show deliberate falsity or reckless disregard for truth in Agent Mitchell's statement.

Petitioner does not allege sufficient facts to show that he had evidence that could have met the <u>Franks</u> requirements for a substantial preliminary showing of falsity or reckless disregard for truth. Consequently, he cannot show that the fruits of the May 2004 Search should have been excluded, or that he was prejudiced by counsel's failure to review the home surveillance system videotapes.

Because there is no reasonable probability that petitioner would have prevailed in challenging the veracity of the search warrant under <u>Franks</u>, and because he offers no other reasons why the search warrant should have been voided, petitioner has also not alleged sufficient facts to show that he was prejudiced by counsel's failure to use the videotapes to challenge Inspector

10

Bartholomew's testimony at trial concerning the pre-search surveillance. Both this court and the Fourth Circuit found that the search warrant was supported by probable cause. See Perry, 560 F.3d at 251-52. The probable cause was based on the CI statements, not based on the officers' prior visual surveillance. Id. Petitioner was convicted for possessing the marijuana and firearms found during that search, not for any individual sale of drugs that occurred on that day or any conduct that the officers observed during their pre-search surveillance. Finally, as noted, ample other evidence supported that defendant was distributing drugs from his home. Thus, petitioner has not alleged facts showing that counsel's failure to review the videotapes caused him prejudice. Even if Inspector Bartholomew's testimony was impeached by the videotape evidence, there would not be "a reasonable probability that . . . the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Furthermore, petitioner has not shown prejudice from counsel's failure to challenge the CI's existence. As noted above, the evidence plaintiff alleges does not make a substantial showing that the CI did not exist. Nor could petitioner have compelled the government to produce the CI's identity. "The Government generally enjoys a privilege under certain circumstances to withhold the name of a confidential informant." United States v. Gray, 47 F. 3d 1359, 1364-65 (4th Cir. 1995). The privilege may be lost "when the informant's identity is relevant and helpful to the defense or is essential to fundamental requirements of fairness." Id. at 1364. However, "an important factor affecting disclosure is the informant's involvement in the criminal acts of the accused." Id. at 1365. The Fourth Circuit has held that disclosure is more likely required when the informant was "an active participant in the events leading to the arrest of the accused," but that the government "is privileged to withhold the identity of the informant when the informant was a 'mere tipster' . . . or

11

was used only for obtaining a search warrant." Id.; United States v. Poms, 484 F. 2d 919, 922 (4th Cir. 1973).[1]

In this case, the CI played no role in the criminal acts for which defendant was charged. He was used only to obtain the search warrant. The government therefore may have relied on Agent Mitchell's sworn statement. Without more direct evidence to call this statement into doubt, petitioner has not alleged sufficient facts to find that counsel's failure to challenge the CI's existence caused petitioner prejudice.

Next, petitioner argues that trial counsel did not sufficiently counter the government's use of the evidence of his home surveillance system as evidence that the government posited as evidence of his drug trafficking activities. He cites to potential evidence of other possible reasons for owning the system, including a sheriff's report concerning a shooting at the home of petitioner's grandfather next door; vandalization of one of petitioner's rental houses; and his home's location along a highway. However, a section 2255 motion may not be used to retry a case. Hilliard v. United States, 185 F.2d 454, 455 (4th Cir. 1950). To the extent petitioner seeks to argue that counsel was ineffective for failing to introduce this evidence, failure to do so did not result in prejudice. As noted above, an abundance of other evidence introduced at trial supported petitioner's conviction, including the discovery of marijuana and cocaine at petitioner's home, the digital scales and radio scanner that were also discovered at petitioner's home, informant testimony that petitioner had sold

---

[1] In Franks, the Court expressly declined to address "the difficult question whether a reviewing court must ever require the revelation of the identity of an informant once a substantial preliminary showing of falsity has been made." Franks, 438 U.S. at 170. The Fourth Circuit does not appear to have ruled upon how a Franks hearing might affect the government's privilege for "mere tipsters" or informants used only for search warrants. However, because this court holds that petitioner would not have ben able to make the substantial preliminary showing of falsity or reckless disregard, it is not necessary here to reach the "difficult question" that Franks left unanswered. Nor is it necessary to consider whether counsel's failure to demand the government produce the CI at the Franks hearing would have constituted ineffective assistance.

12

him cocaine and marijuana at his home, and petitioner's own statements. See United States v. Talbott, 26 F. App'x 167, 168 (4th Cir. 2001) (holding that petitioner was not prejudiced by counsel's purported failure to raise objections "[b]ecause there was ample evidence to support these convictions."); United States v. Harris, 14 F. App'x 144, 145 (4th Cir. 2001) (same).

In sum, petitioner's allegations fail to state a claim for ineffective assistance of counsel, and his claim must be denied.

C.     Certificate of Appealability

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

13

After reviewing the claims presented in the *habeas* petition, the court finds that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right. Accordingly, a certificate of appealability is granted as to petitioner's ineffective assistance of counsel claim.

## CONCLUSION

Upon de novo review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court overrules petitioner's objections. Accordingly, the court ADOPTS the M&R as its own, GRANTS the government's motion to dismiss (DE 162), DENIES petitioner's motion to vacate (DE 159), and DENIES petitioner's motion for new trial and appointment of attorney (DE 170). A certificate of appealability is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 2nd day of September, 2014.

_____
LOUISE W. FLANAGAN
United States District Court Judge